

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETROLEUM COMPANY OF TRINIDAD
AND TOBAGO LIMITED,

       Petitioner,

  v.

WORLD GTL INC. and WORLD GTL OF
ST. LUCIA LTD.,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

14 CV 4652

RECEIVED JUN 25 2014 U.S.D.C. S.D.N.Y. CASHIERS

## PETITION TO CONFIRM FOREIGN ARBITRATION AWARD

Petitioner Petroleum Company of Trinidad and Tobago Limited ("Petrotrin"), by and through its counsel Sidley Austin LLP, alleges as follows:

### NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1.  Petrotrin commences this proceeding under Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207 (2006), to confirm a foreign arbitration award (the "Final Award") and to have judgment entered thereon. True and correct certified copies of the Final Award and Addendum to Final Award are attached as Exhibit A to the accompanying Declaration of Louis B. Kimmelman, dated June 24, 2014 (the "Kimmelman Declaration").

2.  Additionally, Petrotrin seeks pre-judgment and post-judgment interest on the amounts awarded to Petrotrin in the Final Award and to recover the fees and expenses incurred in confirming the Final Award.

## PARTIES

3. Petitioner Petroleum Company of Trinidad and Tobago Limited ("Petrotrin") is a limited liability company incorporated under the laws of the Republic of Trinidad and Tobago with offices at Petrotrin Administration Building, Southern Main Road, Pointe-à-Pierre, Trinidad.

4. Respondent World GTL, Inc. ("WGTL Inc.") is a domestic corporation formed under the laws of New York with its principal office at 140 Broadway, Suite 4600, New York, NY 10005, U.S.A. Kimmelman Declaration, Exhibit A, Final Award ¶ 6.

5. Respondent World GTL of St. Lucia Ltd. ("WGTL St. Lucia") is a wholly-owned subsidiary of World GTL Inc. formed under the laws of St. Lucia with its principal office at 140 Broadway, Suite 4600, New York, NY 10005, U.S.A. Kimmelman Declaration, Exhibit A, Final Award ¶ 7.

## JURISDICTION AND VENUE

6. Pursuant to Section 203 of the FAA, 9 U.S.C. § 203, this Court has subject matter jurisdiction to confirm this foreign arbitration award, which is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").

7. This Court has personal jurisdiction over WGTL Inc. pursuant to New York C.P.L.R. § 301 because it is a domestic corporation, incorporated under the laws of the state of New York, with its principal office in New York City. Kimmelman Declaration, Exhibit A, Final Award ¶ 6. WGTL Inc. is therefore "doing business" in New York.

8. This Court has personal jurisdiction over WGTL St. Lucia pursuant to New York C.P.L.R. § 301 because WGTL St. Lucia maintains its "principal office" in New York.

2

Kimmelman Declaration, Exhibit A, Final Award ¶ 7; Exhibit E § 5. WGTL St. Lucia is therefore "doing business" in New York.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and (c), and 9 U.S.C. § 204.

## FACTUAL BACKGROUND

### The Project

10. On September 22, 2005, WGTL Inc. and WGTL St. Lucia and Petrotrin entered into a Project Agreement in connection with the construction and operation of a small-scale gas-to-liquids plant on Petrotrin's refinery grounds in Pointe-a-Pierre, Trinidad (the "Project"). Kimmelman Declaration ¶ 4; Exhibit B.

11. On January 19, 2006, Petrotrin, WGTL St. Lucia, and the project company, World GTL Trinidad Limited ("WGTL Trinidad"), entered into a Shareholders Agreement, pursuant to which WGTL St. Lucia and Petrotrin agreed to subscribe to 51% and 49% of the common shares of WGTL Trinidad, respectively. Kimmelman Declaration ¶ 5; Exhibit C.

12. To finance construction of the Project, Credit Suisse and WGTL Trinidad entered into a Credit Agreement on January 12, 2007, which was amended on May 4, 2007 (the "Credit Agreement"), pursuant to which Credit Suisse agreed to loan US$ 125,009,479 to WGTL Trinidad. Kimmelman Declaration ¶ 6.

13. Under the Credit Agreement, WGTL Trinidad's failure to meet certain performance benchmarks by July 12, 2009, constituted a "Fundamental Event of Default," pursuant to which Credit Suisse was entitled to declare the loan, including interest, immediately due and payable. *Id.* ¶ 7.

14. On January 12, 2007, Petrotrin, WGTL Inc., and Credit Suisse entered into a Sponsor Guarantee and Funding Agreement, which was amended on May 4, 2007 (the "Sponsor

3

Guarantee"), pursuant to which WGTL Inc. and Petrotrin jointly and severally guaranteed certain Project debts and agreed to make certain equity contributions in the event of cost overruns. *Id.* ¶ 8; Exhibit D.

### The GCA

15. On January 12, 2007, Petrotrin, WGTL Inc., WGTL St. Lucia, and WGTL Trinidad entered into a Guarantee Contribution Agreement (the "GCA"). Kimmelman Declaration ¶ 9; Exhibit E.

16. The GCA provided that if Petrotrin and WGTL Inc. were required to make equity contributions under the Sponsor Guarantee and one of the parties could not do so, then the other party would be required to advance the equity contribution on behalf of the party unable to do so. *Id.* ¶ 10; Exhibit E § 2.2. Each such advance was defined as an Over-contribution Advance in the GCA. *Id.*

17. Each Over-contribution Advance would become due and payable on or before the first anniversary of the day on which it was made. Kimmelman Declaration ¶ 11; Exhibit E § 4.1.

18. If an Over-contribution Advance made by Petrotrin was not repaid within two years after the date on which it was made, then Petrotrin would be entitled to receive additional shares of WGTL Trinidad based on a formula in Clause 4.2 of the GCA. Kimmelman Declaration ¶ 12; Exhibit E § 4.2.

19. WGTL St. Lucia was required under the GCA to take the steps necessary to ensure that WGTL Trinidad issued new shares. Kimmelman Declaration ¶ 13; Exhibit E § 4.4.

### The Parties Agreed to Arbitrate All Disputes

20. The parties agreed in Clause 13.2 of the GCA that "[a]ll disputes arising out of or in connection with the [GCA] shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules." Kimmelman Declaration ¶ 14; Exhibit E § 13.2.

21. The parties agreed in Clause 15 of the GCA that "[i]n the event of arbitration or suit arising from or relating to [the GCA], the prevailing party shall be entitled to recover its costs (including reasonable attorneys' fees and expenses . . . ) from the non-prevailing party." Kimmelman Declaration ¶ 15; Exhibit E § 15.

### WGTL Breached the GCA

22. The Project quickly exceeded budget and fell behind schedule. Kimmelman Declaration ¶ 16. As a result, between April 2007 and September 2009, Credit Suisse made 33 demands for equity contributions from Petrotrin and WGTL Inc. to fund the cost overruns. *Id.*

23. For each of the 33 demands, WGTL Inc. notified Petrotrin of its inability to fund its share of each funding request. *Id.* ¶ 17. WGTL Inc., WGTL St. Lucia, and WGTL Trinidad then co-signed and agreed to the terms of a letter (each an "Overrun Letter") in respect of each contribution, pursuant to which Petrotrin agreed to fund both its and WGTL Inc.'s share of the required equity contribution. *Id.* Each Overrun Letter also restated the parties' agreement that the payment was made subject to the GCA. *Id.*

24. Petrotrin paid for all of the cost overruns on the Project. It made 33 Over-contribution Advances on behalf of WGTL Inc., totaling $97,107,993. *Id.* ¶ 18. Petrotrin also paid $93,299,837 on its own behalf. *Id.*

25. WGTL Inc. neither repaid Petrotrin nor transferred any shares in WGTL Trinidad to Petrotrin. *Id.* ¶ 19. As a result, WGTL Inc. breached its obligations under Clause 4.2 of the GCA. *Id.*

26. WGTL St. Lucia did not take the steps necessary to ensure that WGTL Trinidad issued new shares to Petrotrin. *Id.* ¶ 20. As a result, WGTL St. Lucia breached its obligations under Clause 4.4 of the GCA. *Id.*

### ICC Arbitration

27. On February 23, 2010, Petrotrin commenced arbitration based on Respondents' breach of the GCA before the International Court of Arbitration of the International Chamber of Commerce (the "ICC") by filing a Request for Arbitration. *Id.* ¶ 21.

28. Respondents filed their Answer to Petrotrin's Request for Arbitration on April 26, 2010. *Id.* ¶ 22. Respondents did not assert any counterclaims against Petrotrin in their Answer. *Id.*

29. On May 7, 2010, the parties agreed that Toronto, Canada would be the seat of the arbitration. *Id.* ¶ 23.

30. On March 12, 2010, Petrotrin nominated Dr. Julian D. M. Lew Q.C. to serve as arbitrator. *Id.* ¶ 24. Dr. Lew is a barrister with chambers at 20 Essex Street, London, England and is also Head of the School of International Arbitration, Centre for Commercial Law Studies, Queen Mary, University of London. *Id.* The ICC confirmed Dr. Lew as an arbitrator on August 6, 2010. *Id.*

31. On July 7, 2010, Respondents nominated Evan W. Gray, Esq. to serve as arbitrator. *Id.* ¶ 25. Mr. Gray is Counsel at Lebow & Sokolow LLP in New York. The ICC Confirmed Mr. Gray as an arbitrator on August 6, 2010. *Id.*

32. On September 22, 2010, the party-nominated arbitrators nominated David R. Haigh, Q.C., as the Chair of the Tribunal. *Id.* ¶ 26. Mr. Haigh is a Partner at Burnet, Duckworth & Palmer LLP in Calgary, Canada. *Id.* The ICC confirmed Mr. Haigh's appointment on October 28, 2010. *Id.*

33. On December 8, 2010, the parties attended a preliminary hearing before the Tribunal in New York. *Id.* ¶ 27. At this hearing pursuant to Article 18 of the ICC Rules of Arbitration (1998) (the "ICC Rules"), Petrotrin and Respondents finalized the Terms of Reference, which outlined the claims and defenses before the Tribunal. *Id.*

34. Petrotrin and Respondents also agreed on a procedural timetable for the arbitration, which the Tribunal issued on December 15, 2010. *Id.* ¶ 28.

35. On June 15, 2011, new counsel for Respondents requested an extension of the procedural timetable to allow Respondents to file a counterclaim against Petrotrin. *Id.* ¶ 29.

36. On July 7, 2011, the Tribunal issued an amended procedural timetable that extended the time for WGTL to file its Statement of Defense until August 24, 2011, and allowed WGTL to include with its Statement of Defense a written application for leave to pursue a counterclaim, along with a draft counterclaim. *Id.* ¶ 30.

37. Respondents filed their application for leave to pursue a counterclaim and their draft counterclaim with their Statement of Defense on August 24, 2011. *Id.* ¶ 31. Petrotrin responded to Respondents' application on September 7, 2011. *Id.*

38. On October 5, 2011, the Tribunal issued Procedural Order No. 3, which denied Respondents' application to file a counterclaim, without prejudice to Respondents' pursuit of defenses or equitable set-offs in the arbitration. *Id.* ¶ 32; Exhibit F ¶ 16.

39. On May 8-9, 2012 the Tribunal conducted a hearing on the merits in New York City and declared the proceedings closed on August 22, 2012. Kimmelman Declaration ¶¶ 33-34.

### The Final Arbitration Award

40. The Tribunal issued its unanimous Final Award on November 29, 2012, in Toronto, Canada. *Id.* ¶ 35; Exhibit A.

41. On December 31, 2012, Petrotrin applied to the Secretariat of the ICC for the correction of certain typographical errors in the Final Award pursuant to Article 29(2) of the ICC Rules. Kimmelman Declaration ¶ 36.

42. On March 13, 2013, the Tribunal issued an Addendum To Final Award (the "Addendum") correcting these errors. *Id.* ¶ 37; Exhibit A, Addendum.

43. In the Final Award (as corrected by the Addendum), the Tribunal declared that WGTL Inc. and WGTL St. Lucia had breached their obligations under Clauses 4.2(ii)(b) and 4.4 of the GCA, respectively. *See* Kimmelman Declaration ¶ 38; Exhibit A, Final Award ¶ 239(a).

44. The Tribunal ordered WGTL Inc. and WGTL St. Lucia to specifically perform their obligations under Clauses 4.2(ii)(b) and 4.4 of the GCA, respectively. *See* Kimmelman Declaration ¶ 39; Exhibit A, Final Award ¶ 239(b); Exhibit A, Addendum ¶ 17(e).

45. The Tribunal further ordered WGTL Inc. to transfer, and WGTL St. Lucia to take the steps necessary to effect the transfer of, additional shares of WGTL Trinidad as compensation for accrued interest on unpaid Over-contribution Advances. *See* Kimmelman Declaration ¶ 40; Exhibit A, Final Award ¶ 239(c); Exhibit A, Addendum ¶ 17(e).

46. Finally, the Tribunal ordered that Respondents pay the costs of the arbitration plus a major portion of Petrotrin's attorneys' fees and expenses in the arbitration, amounting to $2,334,220.21. *See* Kimmelman Declaration ¶ 41; Exhibit A, Final Award ¶ 239(f).

## CLAIMS FOR RELIEF
## (9 U.S.C. § 207)

### First Claim for Relief
### (Confirmation of the Final Award)

47. Petrotrin repeats and realleges each and every allegation contained in paragraphs 1 through 44 above, inclusive, and incorporates them here by reference.

48. The United States is a contracting party to the New York Convention, subject to the reciprocity reservation set forth in Article I of the New York Convention.

49. The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.* (2006).

50. The Final Award is governed by the New York Convention because it was rendered in Canada, another contracting party, and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

51. The Final Award included declaratory relief and ordered specific performance. It also ordered that Respondents pay the costs of the arbitration plus a major portion of Petrotrin's attorneys' fees and expenses in the arbitration.

52. The New York Convention requires that each state-party to the Convention "*shall* recognize arbitral awards as binding and enforce them." N.Y. Conv. Art. III (emphasis added).

53. For awards governed by the Convention, the Federal Arbitration Act also requires that a "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

9

54. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention applies to the Final Award.

55. Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment should be entered for the relief awarded by the Tribunal.

## Second Claim for Relief
## (Interest on Amounts Due Under the Final Award)

56. Petrotrin repeats and realleges each and every allegation contained in paragraphs 1 through 53 above, inclusive, and incorporates them here by reference.

57. The Final Award orders payment of costs and attorneys' fees and expenses to Petrotrin in the amount of $2,334,220.21.

58. This Court should award Petrotrin pre-judgment interest on the $ 2,334,220.21 awarded by the Tribunal from November 29, 2012, the date of the Final Award, to the date of this Court's judgment.

59. This Court should also grant post-judgment interest on its judgment confirming the Final Award as required by 28 U.S.C. § 1961(a), running from the date of judgment confirming the Final Award until that judgment is satisfied.

## Third Claim for Relief
## (Attorneys' Fees and Costs)

60. Petrotrin repeats and realleges each and every allegation contained in paragraphs 1 through 57 above, inclusive, and incorporates them here by reference.

61. In the GCA, the parties agreed that the prevailing party in an arbitration "or suit arising from or relating to this Agreement" shall be entitled "to recover its costs (including

reasonable attorneys' fees and expenses . . . ) from the non-prevailing party." Kimmelman Declaration, Exhibit E § 15.

62.  The Tribunal concluded that Petrotrin "prevailed in the result of this case." Kimmelman Declaration, Exhibit A, Final Award ¶ 236. It was for this reason that the Tribunal awarded Petrotrin the arbitration costs and most of its attorneys' fees.

63.  Therefore, Petrotrin, as the prevailing party, is entitled to recover its reasonable attorneys' fees and the expenses incurred in this proceeding to confirm the Final Award.

**WHEREFORE**, Petrotrin respectfully requests an order:

a. Confirming the Final Award and entering judgment in favor of Petrotrin and against World GTL, Inc. and World GTL St. Lucia in accordance with the Final Award;

b. Awarding pre- and post-judgment interest on the Final Award;

c. Awarding Petrotrin the reasonable attorneys' fees and costs incurred in this proceeding to confirm the Final Award; and

d. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 24, 2014

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____
    Louis B. Kimmelman

Dana C. MacGrath
Kenneth B. Meyer
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
bkimmleman@sidley.com
dmacgrath@sidley.com
kmeyer@sidley.com

*Attorneys for Petitioner*
Petroleum Company of Trinidad
and Tobago Limited